**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUL 22 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEATRA DEHORNEY, | No. 19-55312 |
| Plaintiff-Appellant, | D.C. No. 5:18-cv-02191-RGK-KK |
| v. | |
| OCWEN LOAN SERVICING, LLC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Submitted July 14, 2020[**]

Before:    CANBY, FRIEDLAND, and R. NELSON, Circuit Judges.

Deatra Dehorney appeals pro se from the district court's order dismissing

her action alleging federal and state law claims arising out of the foreclosure of her

home.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal on the basis of res judicata, *Stewart v. U.S. Bancorp*, 297 F.3d 953, 956

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2002), and for an abuse of discretion a dismissal for failure to comply with a court order, *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999). We affirm in part, vacate in part, and remand.

The district court properly dismissed Dehorney's claims for conspiracy, cancellation of instrument, production of the note, quiet title, and a violation of the Fair Debt Collection Practices Act ("FDCPA") as barred by res judicata because those claims were raised or could have been raised in Dehorney's prior state court action. *See Furnace v. Giurbino*, 838 F.3d 1019, 1023 (9th Cir. 2016) (federal courts must give the same preclusive effect to state court judgments as the rendering state court would); *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009) (under California's primary rights theory, a cause of action is precluded for purposes of res judicata if it "involve[s] the same injury to the plaintiff and the same wrong by the defendant[] . . . even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Dehorney leave to amend her conspiracy, cancellation of instrument, production of the note, quiet title, and FDCPA claims because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied

where amendment would be futile).

The district court dismissed Dehorney's wrongful foreclosure claim as barred by res judicata. During the pendency of this appeal, this court decided *Perez v. Mortgage Electronic Registration Systems, Inc.*, 959 F.3d 334, 340 (9th Cir. 2020), which held that "California law does not permit preemptive actions to challenge a party's authority to pursue foreclosure before a foreclosure has taken place." Here, Dehorney's prior state court action was resolved before the foreclosure occurred. Accordingly, we vacate and remand for the district court to consider in the first instance the application of *Perez* to Dehorney's wrongful foreclosure claim in the context of California's primary rights theory.

We also vacate the district court's dismissal with prejudice of Dehorney's Fair Credit Reporting Act ("FCRA") claim for failure to comply with a court order because dismissal with prejudice was not warranted under the circumstances. *See Yourish*, 191 F.3d at 990 (setting forth the five factors to be considered prior to dismissing a case for failure to comply with a court order). Although Dehorney did not comply with the district court's order to amend the FCRA claim and file an amended complaint, the record demonstrates that the district court provided Dehorney, a pro se litigant who received service by mail, with only seven calendar days to amend. Accordingly, we vacate and remand for the district court to allow Dehorney leave to amend the FCRA claim only.

19-55312

In sum, we affirm the district court's dismissal as to Dehorney's claims for conspiracy, injunctive relief, cancellation of instrument, production of the note, quiet title, and violation of the FDCPA, but vacate and remand for further proceedings as to the claims for wrongful foreclosure and violation of the FCRA.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal or in the reply brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**